UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 21-111** |
| **ADRIAN DEXTER TALBOT, M.D.** | **SECTION: "H"(2)** |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss Count 6 (Doc. 149). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

On August 26, 2021, Defendant Adrian Talbot, M.D. was indicted on seven charges, including conspiracy to unlawfully distribute and dispense controlled substances and conspiracy to commit healthcare fraud in connection with his medical practice. The charges stem from Defendant's primary care clinic Medex Clinical Consultants, PLLC ("Medex"). The Government alleges that Defendant provided unauthorized prescriptions while treating Medex patients. The Government further claims that Defendant owned Empire Associates, L.L.C. ("Empire"), which owned the property that Medex leased and used to treat patients. Because Defendant owned both Empire and Medex,

1

Count 6 of the Indictment charges Defendant with maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1). In the instant Motion, Defendant moves to dismiss this claim, arguing that § 856(a)(1) cannot apply to a practitioner operating a medical facility.

## LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 12(b), a party may challenge an indictment for failing to state an offense. "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."[1] In this circuit, "[t]he propriety of granting a motion to dismiss an indictment . . . is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact . . . . If a question of law is involved, then consideration of the motion is generally proper."[2] A court must take the allegations of the indictment as true and determine whether an offense has been stated.[3] A defendant may not challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence.[4] A court may, however, apply undisputed facts to resolve a question of law with a trial of the general issue.[5]

---

[1] FED. R. CRIM. PRO. 12.
[2] United States v. Flores, 404 F.3d 320, 324 (5th Cir. 2005).
[3] United States v. Fontenot, 665 F.3d 640, 644 (5th Cir. 2011).
[4] United States v. Mann, 517 F.2d 259, 267 (5th Cir. 1975).
[5] *Flores*, 404 F.3d 320.

## LAW AND ANALYSIS

Defendant moves for dismissal of Count 6 of the Indictment, which charges him with maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1). He argues that because he was a medical practitioner dispensing prescriptions for controlled substances from a medical facility, he cannot be charged with maintaining a drug-involved premises under § 856(a)(1).

The Controlled Substances Act ("CSA") requires that anyone who seeks to dispense controlled substances must be registered with the Attorney General and issue prescriptions as authorized by the CSA.[6] Failure to do so can result in prosecution under 21 U.S.C. § 841(a)(1), which criminalizes manufacturing, distributing, or dispensing controlled substances. The term "dispense" is defined by the CSA as a "means to deliver a controlled substance to an ultimate user . . . by . . . a practitioner, including the prescribing and administering of a controlled substance."[7] On the other hand, "[t]he term 'distribute' means to deliver (other than by administering or dispensing) a controlled substance."[8]

Section 856(a)(1) criminalizes maintaining drug-involved premises "for the purpose of manufacturing, distributing, or using any controlled substance." Defendant argues that the statute is inapplicable here because it does not criminalize the maintenance of a premise for the purpose of "dispensing" controlled substances. He argues that the intentional omission of the term

---

[6] *See* 21 U.S.C. § 822(a)(2).
[7] 21 U.S.C. § 802(10).
[8] 21 U.S.C. § 802(11).

3

"dispensing" from § 856(a)(1) is significant because, unlike § 841(a), Congress made the decision not to extend prosecution under § 856(a)(1) to practitioners and the medical facilities where they work. In sum, Defendant argues that because he was a medical practitioner dispensing prescriptions for controlled substances from a medical facility, he cannot be charged with maintaining a drug-involved premises under § 856(a)(1).

Defendant has not, however, provided any support for the idea that a medical practitioner cannot be convicted for maintaining a premises for the purpose of *distributing* controlled substances.[9] Indeed, the Fifth Circuit has held that a doctor can be convicted for distributing a controlled substance under § 841 when he provides controlled substances not for a legitimate medical purpose and outside the scope of professional practice.[10] In so holding, the Fifth Circuit advises that the terms "distribute" and "dispense" are not

---

[9] Indeed, courts have found that they can. *See* United States v. Lang, 717 F. App'x 523 (6th Cir. 2017) (holding that there was sufficient evidence that defendant's purpose in maintaining medical clinic was to distribute drugs illegally, as required for conviction of maintaining a drug-involved premises); United States v. Fuhai Li, No. 3:16-CR-0194, 2019 WL 1126093, at *10 (M.D. Pa. Mar. 12, 2019) (holding that the jury "could reasonably have found that Dr. Li maintained his [medical] offices for the primary or principal purpose of distributing or dispensing controlled substances outside the usual course of professional practice and not for a legitimate medical purpose").

[10] *See* United States v. Craig, 823 F. App'x 231, 240 (5th Cir. 2020) ("Later cases in our court support this distinction and have upheld doctors' convictions 'for distributing a controlled substance under 21 U.S.C. § 841' when the Government proves: '(1) that [the doctor] distributed or dispensed a controlled substance, (2) that [the doctor] acted knowingly and intentionally, and (3) that [the doctor] did so other than for a legitimate medical purpose and in the usual course of [the doctor's] professional practice.'"); United States v. Dunbar, 614 F.2d 39, 41 (5th Cir. 1980) ("A licensed medical doctor can be prosecuted for the distribution or dispensation of Schedule II controlled substances outside the usual course of professional practice."). Indeed, Defendant is charged in Count 1 with conspiracy to distribute and dispense controlled substances and in Counts 2 through 5 with distributing and dispensing controlled substances. Doc. 1.

4

mutually exclusive.[11] "A licensed medical doctor can be prosecuted for the distribution or dispensation of . . . controlled substances outside the usual course of professional practice."[12] It follows, then, that a practitioner could be convicted for maintaining a premises for the purpose of *distributing* controlled substances. Defendant has not shown otherwise.

The Indictment alleges all of the elements of § 856(a)(1), including that Defendant knowingly maintained the Medex clinic for the purpose of distributing controlled substances outside the usual course of professional practice and without a legitimate medical purpose. Accordingly, the Indictment states an offense under § 856(a)(1). Defendant's challenge amounts to an argument that the facts of the case—that he was a medical practitioner operating out of a medical facility—cannot support the charge of maintaining a premise for the purpose of distributing controlled substances. "A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits."[13] Accordingly, this argument fails.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is **DENIED**.

---

[11] *Craig*, 823 F. App'x at 236.
[12] *Dunbar*, 614 F.2d at 41.
[13] *Mann*, 517 F.2d at 267.

New Orleans, Louisiana this 25th day of June, 2024.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**