UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 21-111 |
| ADRIAN DEXTER TALBOT, M.D. | SECTION: "H"(2) |

## ORDER AND REASONS

Before the Court is the Government's Omnibus Motion in Limine (Doc. 158). This Court resolved many of the issues raised in the Government's Motion at the Pre-Trial Conference (Doc. 185). The Government's remaining requests are **GRANTED IN PART** for the following reasons.

## BACKGROUND

On August 26, 2021, Defendant Adrian Talbot, M.D. was indicted on seven charges, including conspiracy to unlawfully distribute and dispense controlled substances, conspiracy to commit healthcare fraud in connection with his medical practice, maintaining a drug-involved premise, and conspiracy to commit health care fraud. Trial is set to begin on July 8, 2024.

The Government moved to limit Defendant from introducing evidence or argument on specific topics at trial. This Court resolved a number of those issues at the pre-trial conference. However, the following categories of evidence

1

that the Government seeks to exclude remain unresolved: (1) evidence regarding selective prosecution; (2) evidence regarding medical billing practices; and (3) evidence regarding Defendant's mental health.[1] The Court will address each issue in turn.

## LAW AND ANALYSIS

### I. Selective Prosecution

The Government moves the Court to prevent Defendant from attacking the prosecution's motives in initiating prosecution or suggesting that the defendant was "persecuted" or "singled out." Defendant acknowledges that a defense of selective prosecution must be raised before trial pursuant to Rule 12(b)(3)(A) of the Federal Rules of Criminal Procedure. He argues, however, that evidence comparing Defendant's conduct to the conduct of others not charged should be admissible to show that Defendant's conduct was lawful. Accordingly, he argues that a blanket prohibition of this type of evidence is premature where it can be used for other purposes.

In *United States v. Impastato,* the court addressed a similar issue, and this Court adopts its approach here.[2]

> Being that there is no dispute as to whether Defendant can offer evidence of selective prosecution, this motion is granted with the caveat that any evidence that could arguably fall within the ambit of this ruling should be brought to the Court's attention at a bench conference prior to its offering. At this time, Defendant will have the opportunity to convince the Court that the evidence to be

---

[1] A fourth issue—the admissibility of evidence of Defendant's treatment of patients outside the time-period of the conspiracy counts—also remains, and this Court has ordered additional briefing. Doc. 184. That issue will be resolved in a separate Order and Reasons.

[2] No. 05-325, 2007 WL 2463310, at *5 (E.D. La. Aug. 28, 2007).

2

offered is admissible, relevant, and will not prejudice the jury by raising an inference of selective prosecution.[3]

Accordingly, the Government's Motion is **GRANTED IN PART**.

## II.  Medical Billing Practices

The Government moves to exclude any evidence or argument intended to shift the blame to the health insurers or health care benefit programs that are the victims of Defendant's alleged health care fraud. The Government correctly argues that the negligence of a victim to discover a fraudulent scheme is not a defense to Defendant's misconduct. Defendant agrees that he does not intend to shift blame to the medical insurers that are alleged to have been victims of the charged conspiracy to commit health care fraud. However, he states that he does intend to provide evidence on the complexity of medical billing to show that billing errors are commonplace. He argues that such evidence is relevant to his theory of defense: that he did not willfully submit fraudulent health care claims but that billing errors stem from the inherent complexities in coding and billing medical services.

The Court will allow Defendant to present evidence outlining medical coding and medical billing. The Court will not, however, allow testimony suggesting that the insurers could have or should have identified billing errors. In the event Defendant intends to introduce evidence bearing on these topics, he should request a conference at the bench for guidance. Accordingly, the Government's Motion is **GRANTED IN PART**.

---

[3] *Id.*

### III. Defendant's Mental Health

The Government moves for an order excluding evidence of Defendant's mental condition as a defense at trial. Defendant alleges that he suffers from dementia, and this Court has twice considered his competency and found him competent to stand trial.[4] In a competency hearing, the emphasis is on the defendant's capacity to consult with counsel and to understand the proceedings, and "this is by no means the same test as those which determine criminal responsibility at the time of the crime."[5]

Pursuant to Federal Rule of Criminal Procedure 12.2, a defendant must give notice to the government of his intent to assert the defense of insanity or introduce expert evidence relating to a mental condition of the defendant bearing on the issue of guilt. No such notice was given in this case. The Government argues, therefore, that evidence of Defendant's mental condition can be introduced, if at all, only to negate specific intent. But the Fifth Circuit, unlike other circuits, "has yet to decide whether diminished-capacity evidence is admissible to defeat the mental state requirement of a specific intent crime."[6]

In *United States v. Herbst*, the Fifth Circuit acknowledged that the Insanity Defense Reform Act of 1984 ("IDRA") made insanity an affirmative defense and provided that "[m]ental disease or defect does not otherwise

---

[4] Docs. 93, 131. A continuation competency hearing is set for July 3, 2024.
[5] Medina v. California, 505 U.S. 437, 448 (1992).
[6] United States v. Berglund, 576 F. Supp. 3d 428, 441 (N.D. Tex. 2021) (citing United States v. Herbst, 460 F. App'x 387, 395–96 (5th Cir. 2012)); United States v. Morazan-Alvarez, 535 F. App'x 363, 368 (5th Cir. 2013) (noting that this circuit has not decided the question); United States v. Boyd, 773 F.3d 637, 643 (5th Cir. 2014) ("The Fifth Circuit has not ruled on the issue.").

4

constitute a defense."[7] It explained that the IDRA does not address "whether it precludes the admission of psychological or psychiatric expert testimony to negate the specific intent element of a charged crime."[8] The Fifth Circuit recognized that "numerous other circuits" have found that "diminished capacity evidence is admissible to defeat the mental state requirement of a specific intent crime," but declined to weigh in on the question in that case or any since.[9]

Assuming the Fifth Circuit would reach the same decision as the "numerous other circuits" to have considered the question, this Court looks to those circuits for guidance on when psychiatric evidence is admissible to negate specific intent.[10] In *United States v. Cameron*, the Eleventh Circuit explained that psychiatric evidence is admissible to negate specific intent "only in rare cases" where the evidence "focuses on the defendant's specific state of mind at the time of the charged offense."[11] Evidence that a defendant had an "incapacity to reflect or control the behaviors that produced the criminal conduct" is insufficient.[12] Likewise, evidence that is "akin to justification and excuse" does not negate specific intent.[13] The court cautioned that:

---

[7] *Herbst*, 460 F. App'x at 395 (quoting 18 U.S.C. § 17).

[8] *Id.*

[9] *Id.* (quoting United States v. Eff, 524 F.3d 712, 720 n.11 (5th Cir. 2008)) (internal quotation marks omitted).

[10] *See* United States v. Cameron, 907 F.2d 1051, 1067 (11th Cir. 1990); United States v. Pohlot, 827 F.2d 889, 897 (3d Cir. 1987); United States v. Brown, 326 F.3d 1143, 1147 (10th Cir. 2003).

[11] *Cameron*, 907 F.2d at 1067.

[12] *Id.* at 1066; *see Brown*, 326 F.3d at 1147 ("[E]vidence of a defendant's impaired volitional control or inability to reflect on the consequences of his conduct remains inadmissible.").

[13] *Cameron*, 907 F.2d at 1067.

5

> Because psychiatric evidence (1) will only rarely negate specific intent, (2) presents an inherent danger that it will distract the jury's from focusing on the actual presence or absence of *mens rea*, and (3) may easily slide into wider usage that opens up the jury to theories of defense more akin to justification, district courts must examine such psychiatric evidence carefully to ascertain whether it would, if believed, "support a legally acceptable theory of lack of mens rea.[14]

The Third Circuit in *United States v. Pohlot* similarly explained that "[d]istrict courts should admit evidence of mental abnormality on the issue of mens rea only when, if believed, it would support a legally acceptable theory of lack of mens rea."[15] It cautioned that a lack of self-reflection does not mean a lack of intent.[16] That is, that a defendant who knows "on some level what he is doing and intends to do it" but is "not fully conscious of his actions" cannot be said to lack mens rea.[17]

Both circuit courts cite to *United States v. Staggs* as an example of the appropriate use of psychiatric evidence to negate specific intent.[18] There, the defendant faced charges of assaulting a federal officer with a deadly weapon for allegedly pointing a gun at a federal officer and threatening to shoot if he approached.[19] The defendant claimed he picked up the gun to harm himself, not the officer, and he sought to introduce the testimony of a psychologist that he was more likely to hurt himself than to direct his aggressions toward

---

[14] *Id.*
[15] *Pohlot*, 827 F.2d at 905–06.
[16] *Id.*
[17] *Id.*
[18] *Id.* at 897; *Cameron*, 907 F.2d at 1067.
[19] United States v. Staggs, 553 F.2d 1073, 1076 (7th Cir. 1977) *overruled on other grounds*. *Staggs* was effectively overruled because the criminal statue at issue is a general intent crime, not a specific intent crime. United States v. Ricketts, 146 F.3d 492, 497 (7th Cir. 1998).

6

others.[20] The Seventh Circuit held that this evidence was admissible to negate the requisite criminal intent—the intent to threaten the officer—of the charge against the defendant.[21]

In *Herbst*, the Fifth Circuit considered this case law and held that, even assuming evidence of diminished capacity is admissible to negate specific intent, it would not have been in that case.[22] There, the defendant sought to introduce evidence of the defendant's low intelligence and tendency to be manipulated.[23] The Fifth Circuit held that, while the evidence may have been relevant to his knowledge, it bore no relevance to the defendant's ability to form the requisite intent to transport something from point A to point B required to find him guilty of importing a controlled substance.[24]

Here, each of the crimes for which Defendant is charged require a finding of specific intent.[25] Defendant has not identified how his mental condition negates this specific intent or what evidence he will seek to introduce on this

---

[20] *Id.*

[21] *Id.*

[22] *Herbst*, 460 F. App'x at 395.

[23] *Id.*

[24] *Id.*

[25] "[C]ourts have contrasted specific and general intent as follows: specific intent concerns willful and knowing engagement in criminal behavior, while general intent concerns willful and knowing acts." United States v. Berrios-Centeno, 250 F.3d 294, 299 (5th Cir. 2001) As to Count 1, "[d]rug conspiracy . . . is a specific intent crime. As such, it requires the government to prove that the defendant voluntarily and intentionally violated the law." United States v. Burroughs, 876 F.2d 366, 368–69 (5th Cir. 1989) (internal quotation omitted). As to Counts 2 through 5, "Section 841(a)(1) requires specific intent to distribute a controlled substance." United States v. Chen, 913 F.2d 183, 192 n.11 (5th Cir. 1990). As to Count 6, "In order to establish a violation of Section 856(a), the Government must prove that the defendant (1) *intentionally* and knowingly (2) opened or maintained a place (3) for the purpose of using, manufacturing or distributing a controlled substance." United States v. Barnes, 803 F.3d 209, 216 (5th Cir. 2015) (emphasis added). And finally, conspiracy to commit health care fraud requires "proof of knowledge and specific intent to defraud." United States v. Willett, 751 F.3d 335, 339 (5th Cir. 2014).


others.[20] The Seventh Circuit held that this evidence was admissible to negate the requisite criminal intent—the intent to threaten the officer—of the charge against the defendant.[21]

In *Herbst*, the Fifth Circuit considered this case law and held that, even assuming evidence of diminished capacity is admissible to negate specific intent, it would not have been in that case.[22] There, the defendant sought to introduce evidence of the defendant's low intelligence and tendency to be manipulated.[23] The Fifth Circuit held that, while the evidence may have been relevant to his knowledge, it bore no relevance to the defendant's ability to form the requisite intent to transport something from point A to point B required to find him guilty of importing a controlled substance.[24]

Here, each of the crimes for which Defendant is charged require a finding of specific intent.[25] Defendant has not identified how his mental condition negates this specific intent or what evidence he will seek to introduce on this

---

[20] *Id.*

[21] *Id.*

[22] *Herbst*, 460 F. App'x at 395.

[23] *Id.*

[24] *Id.*

[25] "[C]ourts have contrasted specific and general intent as follows: specific intent concerns willful and knowing engagement in criminal behavior, while general intent concerns willful and knowing acts." United States v. Berrios-Centeno, 250 F.3d 294, 299 (5th Cir. 2001) As to Count 1, "[d]rug conspiracy . . . is a specific intent crime. As such, it requires the government to prove that the defendant voluntarily and intentionally violated the law." United States v. Burroughs, 876 F.2d 366, 368–69 (5th Cir. 1989) (internal quotation omitted). As to Counts 2 through 5, "Section 841(a)(1) requires specific intent to distribute a controlled substance." United States v. Chen, 913 F.2d 183, 192 n.11 (5th Cir. 1990). As to Count 6, "In order to establish a violation of Section 856(a), the Government must prove that the defendant (1) *intentionally* and knowingly (2) opened or maintained a place (3) for the purpose of using, manufacturing or distributing a controlled substance." United States v. Barnes, 803 F.3d 209, 216 (5th Cir. 2015) (emphasis added). And finally, conspiracy to commit health care fraud requires "proof of knowledge and specific intent to defraud." United States v. Willett, 751 F.3d 335, 339 (5th Cir. 2014).

topic. Indeed, defense counsel indicated at oral argument on this Motion that he did not intend to present expert testimony on the issue.[26] Accordingly, this Court is hampered in considering whether Defendant's evidence will satisfy the requirement for admissibility discussed above. That said, this Court is doubtful that any evidence could. From the testimony received at Defendant's competency hearing, Defendant's alleged mental decline was in its beginning stages during the time-period of the charges at issue. This Court finds it unlikely that evidence thereof could constitute a "rare" instance in which a defendant could show that he lacked specific intent. Accordingly, the Government's Motion to exclude evidence of Defendant's mental condition is **GRANTED IN PART**, except to the extent that Defendant can show that the evidence of his mental condition would negate specific intent. Defendant must give this Court and the Government ample notice of his intent to introduce evidence on this basis and shall specifically identify the evidence he seeks to introduce.[27]

## CONCLUSION

For the foregoing reasons, the Motion in Limine is **GRANTED IN PART.**

---

[26] The Court notes that most of the cases it has reviewed in consideration of this issue involved the admission of expert testimony on a defendant's mental condition.

[27] Defendant is specifically cautioned that this requirement encompasses any evidence regarding interdiction or findings of disability.

8

New Orleans, Louisiana this 27th day of June, 2024.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**