UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 21-111** |
| **ADRIAN DEXTER TALBOT, M.D.** | **SECTION: "H"(2)** |

### ORDER AND REASONS

Before the Court is the Government's Omnibus Motion in Limine (Doc. 158). This Court resolved all but one of the issues raised in the Government's Motion at the pre-trial conference (Doc. 184) and in a subsequent Order and Reasons (Doc. 191). The Government's remaining request is to exclude evidence and testimony related to Defendant's treatment of patients whose course of treatment falls entirely outside of the time frame of the charges at issue here or was insubstantial during that time frame. The Court ordered additional briefing on this issue at the pre-trial conference. (Doc. 184). The Government's request is **GRANTED** for the following reasons.

### BACKGROUND

On August 26, 2021, Defendant Adrian Talbot, M.D. was indicted on seven charges, including conspiracy to unlawfully distribute and dispense controlled substances, conspiracy to commit healthcare fraud in connection with his medical practice, maintaining a drug-involved premise, and conspiracy to commit health care fraud. Trial is set to begin on July 8, 2024.

Now before the Court is the only remaining issue in the Government's Omnibus Motion in Limine.

## **LAW AND ANALYSIS**

The Government moves to exclude evidence and testimony regarding Defendant's treatment of patients whose course of treatment falls entirely outside of the time frame of the charges at issue here—February 2015 to July 2018—or whose treatment was insubstantial during that time frame. The Government does not object to the admissibility of evidence and testimony of Defendant's treatment of patients whose care occurred entirely within the conspiracy period or began prior to the conspiracy period and continued substantially into the conspiracy period. However, the Government argues that evidence that Defendant lawfully treated patients entirely outside of the conspiracy timeframe is irrelevant and is improper character evidence.

Defendant acknowledges that law-abiding conduct that is not related to the charges is inadmissible. However, he submits two arguments in defense of the Government's motion. First, Defendant argues that he should be permitted to show how his treatment of certain patients progressed over time. Specifically, he seeks to show that after he accepted a position at the Alexandria VA Medical Center, his long-standing Medex "patients were no longer new patients but known patients that had responded well to their prescriptions and had proven to comply with treatment regimens over a period of many years."[1] But Defendant began working at the Alexandria VA Medical Center in February 2015 at the start of the conspiracy. The admissibility of evidence of the treatment of patients that began before that date and continued into the conspiracy timeframe is not disputed by the Government. Defendant's

---

[1] Doc. 192.

first argument has no bearing on the admissibility of the treatment of patients that occurred entirely before February 2015.

Second, Defendant argues that he must be allowed to provide evidence of his treatment of other patients to show that the Government has curated a narrow sample of patients that it believes fits its conspiracy charge. Again, Defendant fails to explain how his treatment of patients entirely outside of the conspiracy timeframe has any bearing on this defense. Accordingly, Defendant has failed to show the relevance of such evidence.

## CONCLUSION

For the foregoing reasons, the Motion in Limine is **GRANTED.** Evidence and testimony regarding Defendant's treatment of patients whose course of treatment falls entirely outside of the time frame of the charges at issue here—February 2015 to July 2018—or whose treatment was insubstantial during that time frame are excluded. Defendant should seek guidance from this Court before introducing evidence regarding treatment of a patient whose course of treatment during the conspiracy could be considered insubstantial.

New Orleans, Louisiana this 2nd day of July, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**