## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                      **NO: 21-111**

**ADRIAN DEXTER TALBOT, M.D.**                  **SECTION: "H"(2)**

## ORDER AND REASONS

Before the Court is Defendant Adrian Talbot's Motion for Reconsideration and Order Nunc Pro Tunc (Doc. 195). This Motion was denied on the record, and the Court issues the following reasons.

## BACKGROUND

On August 26, 2021, Defendant Adrian Talbot, M.D. was indicted on seven charges, including conspiracy to unlawfully distribute and dispense controlled substances, conspiracy to commit healthcare fraud in connection with his medical practice, maintaining a drug-involved premise, and conspiracy to commit health care fraud. Shortly after his initial appearance, Defendant filed a Motion for Competency Evaluation, arguing that he is

incompetent to stand trial due to progressive dementia.[1] This Court referred the Motion to the magistrate judge for hearing and determination.[2]

At the request of the parties, the magistrate judge appointed Dr. Ted Bloch III and Dr. Michael Chafetz to examine Defendant and prepare a report on his competency. Magistrate Judge Currault held an evidentiary hearing on the Motion on March 21–22, 2022 at which Drs. Bloch and Chafetz testified. Judge Currault also heard testimony from Defendant's experts, Drs. Steven Croft and Vivian Begali. After considering the testimony of the four medical experts, Defendant's medical history and testing results, and her own personal observations, Magistrate Judge Currault found Defendant to be malingering and held that the Government had satisfied its burden to show by a preponderance of the evidence that Defendant is competent to stand trial.[3] In reaching her opinion, she found most persuasive the opinions of Drs. Bloch and Chafetz who noted "exaggerated deficits in cognitive functioning based on the absence of any appreciable decline between 2016 and 2021, followed by a sharp decline from mid-2021 to late-2021" as well as clear indications of executive functioning higher than what would be expected of a demented person.[4]

Defendant then appealed Judge Currault's finding to this Court. On October 12, 2022, this Court found that Defendant had not identified any clear error in the magistrate judge's decision.[5] However, in light of the progressive nature of dementia, the Court set a continuation hearing before the district judge for November 8–9, 2023 to establish Defendant's competency at a point

---

[1] Doc. 8.
[2] Doc. 12.
[3] Doc. 64.
[4] *Id.* at 29.
[5] Doc. 93.

in time closer to trial.[6] At the continuation hearing, Defendant presented the expert opinion of Dr. Vivian Begali, an expert in clinical neuropsychology and clinical psychology, and the testimony of his treating physician, Dr. James Nelson, and his wife, Gerry Broussard. The Government presented the expert opinions of Dr. Curtis Schreiber, an expert in neurology, and Dr. Robert Denney, an expert in clinical neuropsychology and forensic psychology. Considering the evidence presented at the continuation hearing, the evidence already in the record, and the applicable law, this Court performed a *de novo* review of Defendant's competency and found him competent to stand trial.[7]

Thereafter, Defendant obtained new counsel, and trial was continued for six months to July 8, 2024. Recognizing the ongoing concern of competency and Defendant's Fourteenth Amendment rights, this Court again raised the issue of competency at the pre-trial conference on June 21, 2024. It appeared at that time that defense counsel had not intended to reraise the issue. The Court set a second continuation hearing to be held on July 3, 2024. The Court advised Defendant that he would be allowed to present testimony that his condition has declined since the competency hearing held on November 8–9, 2023 after which this Court found him competent.

 On July 1, 2024, Defendant filed the instant Motion for Reconsideration of this Court's competency determination. Therein, he raises solely legal arguments and does not present any new evidence regarding Defendant's mental condition. The Government opposes. Oral argument on this Motion was held on July 3, 2024. During argument, Defendant requested another mental

---

[6] Doc. 116.
[7] Doc. 131.

evaluation of Defendant be conducted prior to trial. Trial is presently scheduled to begin on July 8, 2024.

## LEGAL STANDARD

Although motions for reconsideration in criminal actions are not explicitly authorized in the Federal Rules of Criminal Procedure, the Fifth Circuit has recognized them as a legitimate procedural device.[8] "For such motions, courts have applied the same legal standard for motions for reconsideration in civil cases."[9] A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which states that: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[10] "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[11] "'[T]he power to reconsider or modify interlocutory rulings is committed to the discretion of the district court, and

---

[8] United States v. Thompson, 79 F. App'x 22, 23 (5th Cir. 2003).

[9] United States v. Evans, No. CR 15-61, 2018 WL 6427854, at *2 (E.D. La. Dec. 7, 2018).

[10] Both Defendant and the Government incorrectly cite the standards under Rules 59 and 60 for reconsideration of a final judgment.

[11] Austin v. Kroger Tex., L.P., No. 16-10502, 2017 WL 1379453, at *9 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

that discretion is not cabined by the heightened standards for reconsideration governing final orders.'"[12]

## LAW AND ANALYSIS

Defendant asks this Court to reconsider its finding of competency to stand trial. For the first time and on the eve of trial, Defendant objects to this Court's 2021 referral of Defendant's Motion to Determine Competency to the magistrate judge for hearing and determination and its clear error review of that determination.[13] Defendant contends that a competency evaluation is not a "pre-trial motion" that can be determined by the magistrate judge pursuant to 28 U.S.C. § 636. He argues that this Court's referral of the issue was a violation of the Due Process Clause and Article III of the Constitution.

Section 636(b)(1)(A) does not expressly preclude magistrate judges from entering decisions regarding competency. In fact, Defendant recognizes that whether a magistrate judge can resolve a competency motion is not well-

---

[12] *Id.* (quoting Saint Annes Dev. Co. v. Trabich, 443 F. App'x. 829, 831–32 (4th Cir. 2011)).

[13] Defendant did not object when this Court referred the Motion for Competency to the magistrate judge in September 2021, during the March 2022 hearing, when the Court issued its opinion using a clear error standard in October 2022, or at any point in the nearly two years that followed. Defendant waited until July 1, 2024 to raise this argument prior to the start of his trial on July 8, 2024.

settled.[14] And the Fifth Circuit has not spoken on the issue.[15] In this district, the local rules provide for referral to the magistrate judge of all "non-dispositive proceedings in other criminal cases that may under these rules be conducted by the magistrate judges, including without limitation . . . mental or other examinations."[16] Accordingly, it can hardly be argued that this Court's referral was in error where there is no binding precedent to the contrary and the referral is supported by this district's local rules.

Even assuming error, however, this Court did *in fact* perform a *de novo* review of Defendant's competence. In November 2023, the Court heard two days of testimony of experts and Defendant's treating physician opining on his mental condition. The Court considered this evidence in conjunction with the

---

[14] *See* United States v. Doshier, No. CR-09-042-RAW, 2009 WL 2230789, at *1 (E.D. Okla. July 23, 2009) (holding that a magistrate can decide competency and noting that "[c]ourts that have addressed the issue directly have reached differing results"); United States v. Hardy, No. 07-MJ-108-FHM, 2008 WL 4682218, at *3 (N.D. Okla. Oct. 22, 2008) ("Some courts have found that the competency determination is implicitly within the authority of a Magistrate Judge because 18 U.S.C. § 4241(a) permits a motion to determine mental competency of the defendant to stand trial to be filed by the government or the defendant after the defendant is arrested or charged and before the imposition of sentence. . . . [T]he practice in this Court has been for Magistrate Judges to conduct competency hearings and make their determinations by Order rather than Report and Recommendation. There is legal support for this procedure and I will follow this practice."); United States v. Nunez, No. 00-CR-199S, 2013 WL 1773627, at *1 (W.D.N.Y. Mar. 8, 2013), *report and recommendation adopted*, No. 00-CR-199S, 2013 WL 1773583 (W.D.N.Y. Apr. 25, 2013) ("Whether a ruling on a motion to determine the competency of a criminal defendant to stand trial is dispositive or non-dispositive, pursuant to 28 U.S.C. § 636, is not well settled. The Second Circuit has not addressed the issue. The Ninth Circuit has held that an order authorizing the administration of medication for the purpose of making a defendant competent to stand trial was dispositive of the defendant's defense of competency, and therefore could not be fully delegated to the Magistrate Judge under § 636(b)(1)(A). Other Courts have held that a Magistrate Judge can resolve a competency motion.") (internal citations omitted).

[15] *See* United States v. Segers, No. 4:22-CR-350, 2023 WL 361555, at *1 n.2 (S.D. Tex. Jan. 23, 2023).

[16] LCrR 5.1(B).

evidence already in the record, including medical records and the evidence presented at the March hearing. Despite Defendant's protestations otherwise, the Court performed an extensive *de novo* review of this evidence and arrived at the conclusion that Defendant was competent to stand trial in November 2023. Judge Currault's opinion on Defendant's competence in March 2022 had no bearing on this Court's decision.[17] In preparing its Order and Reasons on the issue of Defendant's competency, the Court declined to repeat the factual and procedural background, including Defendant's medical history, that had already been summarized by the magistrate judge and instead adopted her findings thereto.[18] Such adoption did not somehow carry forward any error in allowing the magistrate to conduct the initial competency hearing.[19] Defendant argues that he is constitutionally entitled to a ruling on his competency by an Article III judge. He received exactly that.

Beyond these dubious legal arguments, Defendant has not offered any evidence that his condition has changed since he was found competent during

---

[17] *See* United States v. White, 887 F.2d 705, 709 (6th Cir. 1989) ("A reading of the district court's memorandum opinion indicates that although it reviewed the prior findings and orders of the magistrates, these orders were only considered as part of the evidence reviewed in deciding whether reasonable cause existed. The district court clearly was entitled to reopen the question of competency.").

[18] Doc. 131 at 4 ("In her consideration of Defendant's competency, Judge Currault provided a detailed and exhaustive summary of the procedural and factual background of this case and Defendant's medical history. She also outlined the characteristics of dementia and the testing performed to reach a diagnosis thereof. This Court adopts those findings here and picks up the summary of Defendant's medical history where Judge Currault left off.").

[19] Defendant cites only one case for the proposition that this Court's order on competency "incorporates the prior error" in referring the initial hearing to the magistrate. Doc. 195 at 10. However, that case, *Garrett v. Lumpkin*, 96 F.4th 896, 900 (5th Cir. 2024), held only that remand was proper where the district court had applied the wrong legal standard—actual harm—where the plaintiff "needed only to show a 'substantial risk' of serious harm" to succeed on his Eighth Amendment claim. *Id.* at 901. This Court is mystified as to how this supports Defendant's position.

the November hearing. At oral argument, the Court repeatedly pressed defense counsel on the existence of new evidence. Defense counsel did not reveal the existence of any beyond his own personal observations of Defendant and belief that he could not assist in his defense. It is true that "special consideration should generally be given to the opinions of defense counsel," but this Court considered the similar opinion of Defendant's first attorney in reaching its competency decision in November.[20] Without offering any new evidence, Defendant's position appears to be that this Court was wrong in November and is still wrong. Defendant is welcome to raise that argument on appeal.

Finally, despite apparently not intending to reraise the issue of competency prior to trial and doing so only at this Court's *sua sponte* suggestion, Defendant now contends that a new competency evaluation is constitutionally required and trial should be delayed in order to conduct such. Pursuant to 18 U.S.C. § 4241, the court must grant a motion for a hearing to determine the mental competency of the defendant "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Here again, Defendant has submitted no evidence that a new evaluation would glean results that are different from those presented by the experts in the November 2023 hearing during which

---

[20] United States v. Perkins, 99 F.4th 804, 812 (5th Cir. 2024). Further, in *United States v. Porter*, the Fifth Circuit explained that it was not error for the court to fail to consider the affidavits or testimony of Defendant's defense attorneys in making a competency determination, and while defense counsel's opinion can constitute probative evidence, "[t]he court is free to consider a large swathe of information to determine competency." 907 F.3d 374, 381 (5th Cir. 2018).

Defendant was declared competent. The Government carried its burden to establish competency in November 2023, and Defendant has not provided "reasonable cause" to disrupt that finding five days before trial.[21] Further, if defense counsel truly felt his client could not be constitutionally tried, this Court cannot fathom why this issue was not raised earlier. Defendant's eleventh-hour request to rehash issues already decided is denied.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 3rd day of July, 2024.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[21] "Whether 'reasonable cause' exists to put the court on notice that the defendant might be mentally incompetent is left to the sound discretion of the district court." United States v. Sterling, 99 F.4th 783, 803 (5th Cir. 2024) (internal quotations omitted).