UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 21-111** |
| **ADRIAN DEXTER TALBOT, M.D.** | **SECTION: "H"(2)** |

### ORDER AND REASONS

Before the Court is Defendant Adrian Talbot's Motion for Competency Hearing (Doc. 212). Oral argument was held on July 9, 2024. For the following reasons, this Motion is **DENIED**.

### BACKGROUND

On August 26, 2021, Defendant Adrian Talbot, M.D. was indicted on seven charges, including conspiracy to unlawfully distribute and dispense controlled substances, conspiracy to commit healthcare fraud in connection with his medical practice, maintaining a drug-involved premise, and conspiracy to commit health care fraud. Shortly after his initial appearance in September 2021, Defendant filed a Motion for Competency Evaluation,

1

arguing that he is incompetent to stand trial due to progressive dementia.[1] This Court referred the Motion to the magistrate judge for hearing and determination.[2] She appointed Dr. Ted Bloch III and Dr. Michael Chafetz to examine Defendant and prepare a report on his competency. Magistrate Judge Currault held an evidentiary hearing on the Motion on March 21–22, 2022 at which Drs. Bloch and Chafetz testified. Judge Currault also heard testimony from Defendant's experts, Drs. Steven Croft and Vivian Begali. Magistrate Judge Currault found Defendant to be malingering and held that the government had satisfied its burden to show by a preponderance of the evidence that Defendant is competent to stand trial.

Defendant then appealed Judge Currault's finding to this Court. On October 12, 2022, this Court found that Defendant had not identified any clear error in the magistrate judge's decision.[3] However, in light of the progressive nature of dementia, the Court set a continuation hearing before the district judge for November 8–9, 2023 to establish Defendant's competency at a point in time closer to trial.[4] At the continuation hearing, Defendant presented the expert opinion of Dr. Vivian Begali, an expert in clinical neuropsychology and clinical psychology, and the testimony of his treating physician, Dr. James Nelson, and his wife, Gerry Broussard. The Government presented the expert opinions of Dr. Curtis Schreiber, an expert in neurology, and Dr. Robert Denney, an expert in clinical neuropsychology and forensic psychology. Considering *de novo* the evidence presented at the continuation hearing, the

---

[1] Doc. 8.
[2] Doc. 12.
[3] Doc. 93.
[4] Doc. 116.

evidence already in the record, and the applicable law, this Court found Defendant competent to stand trial.

Thereafter, Defendant obtained new counsel, and trial was continued for six months. At the pre-trial conference, the Court *sua sponte* re-raised the issue of competency. In doing so, the Court sought to prevent last minute competency motions that might interrupt the trial setting. The Court set a second continuation hearing to be held days before the new trial date and advised Defendant that he would be allowed to present testimony that his condition has declined since the competency hearing held on November 8–9, 2023 during which this Court found him competent. In *sua sponte* raising the issue of competency, the Court intended to allow Defendant to present any new evidence that his condition had declined, and it did not intend to invite Defendant to rehash issues already decided.

Even so, on July 1, 2024, Defendant filed a Motion for Reconsideration of this Court's competency determination.[5] Therein, he raised solely legal arguments and did not present any new evidence regarding Defendant's mental condition. The Court denied that motion, holding that the lack of new evidence as to any progression in Defendant's condition since the Court's November 2023 ruling indicated that there was no reasonable cause to rehash the issue of competency.[6]

Then, the day before trial was set to begin, defense counsel arranged for Defendant to undergo a new evaluation. That report was produced to this Court on the first day of trial, after a jury was selected but before it had been

---

[5] Doc. 195.
[6] Doc. 200.

sworn in. On the basis of this new report and additional evidence from the Department of Veteran's Affairs, Defendant asks for another competency hearing.

## LAW AND ANALYSIS

Pursuant to 18 U.S.C. § 4241, the court must grant a motion for a hearing to determine the mental competency of the defendant "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." "Whether 'reasonable cause' exists to put the court on notice that the defendant might be mentally incompetent is left to the sound discretion of the district court."[7]

Defendant has provided this Court with a report prepared by Dr. Chakrapani Ranganathan, a board certified neurologist and psychiatrist, in which he opines that Defendant is not competent to stand trial. Dr. Ranganathan's evaluation of Defendant was limited to a review of a portion of his medical records and prior testing and a telehealth discussion with Defendant and his wife.[8] Dr. Ranganathan did not perform any additional testing of Defendant. According to his report, Dr. Ranganathan did not review the more recent reports and tests done by Drs. Schreiber and Denney. There is

---

[7] United States v. Sterling, 99 F.4th 783, 803 (5th Cir. 2024).

[8] Although defense counsel contends that he provided Dr. Ranganathan with all of Defendant's prior evaluations, the report does not indicate that he reviewed all of Defendant's prior evaluations.

no indication of how long Dr. Ranganathan spent with Defendant or whether Defendant was evaluated without his wife present.

Most importantly, Dr. Ranganathan's description of the symptoms reported by Defendant and his wife reveals that there has been no discernible worsening in Defendant's condition since the November 2023 hearing. At that hearing, this Court heard similar testimony that Defendant and his wife allege that he is forgetful, stutters and has trouble finding the correct word, and needs assistance with day-to-day tasks. The Court also heard testimony that Defendant claims to have no awareness or understanding of the charges against him. Dr. Ranganathan's report does not indicate that Defendant has recently been prescribed any new medication or undergone any new diagnostic testing.[9] In short, Dr. Ranganathan's report does not present this Court with any new information that would impact the decision it reached in November 2023. In addition, the VA records provided relate back to a disability finding in October 2022 and do not shed any new light on Defendant's current mental condition. Accordingly, the Court does not find that Defendant has established "reasonable cause" for a third competency hearing.

Finally, Defendant's Motion for Competency Hearing largely rehashes evidence and argument considered at the November 2023 hearing and asserts grounds for reconsideration of that decision. This Court has already declined the invitation to reconsider its earlier decision.[10] Even considering Dr. Ranganathan's evaluation of Defendant, the Court remains comfortable with its finding of competency. To date, Defendant has undergone roughly eight

---

[9] The Government, and this Court, continue to wonder why Defendant has not undergone an Amyloid PET scan if Alzheimer's disease is suspected.

[10] *See* Doc. 200.

evaluations of his mental condition and competency to stand trial.[11] Without reasonable cause to revisit the issue, the Court cannot allow Defendant to be continuously reevaluated and delay trial on the charges against him. Defendant's Motion is denied, and trial shall resume tomorrow.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 9th day of July, 2024.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[11] In addition to Dr. Ranganathan, Defendant was evaluated by Drs. Begali, Chafetz, Croft, and Bloch prior to the March 2022 hearing. He was evaluated by Drs. Schreiber, Denney, and Goldstein prior to the November 2023 hearing.